Putnam J.
delivered the opinion of the Court. There can be no question but that the plaintiffs’ action would be maintained, if they had relied upon the original contract. They might have elected and insisted that the defendant converted *143 the horse by going beyond the journey agreed upon ; but then the property would have changed and vested in the defendant. Story on Bailments, 262, pi. 396. The plaintiffs would have no right to be paid for the use of it, after the conversion.
But we think, that if there were no deception, misrepresentation or concealment practised upon the plaintiffs to induce them to receive payment for the hire of the horse from New Bedford to Bristol, instead of Fall River, as originally agreed upon, the contract should be considered as if it had been originally made for the hire from New Bedford to Bristol. In such case the subsequent assent would be equivalent to a previous agreement. If the jury should, from the facts to be submitted to them, find that the plaintiffs did so assent to the use which the defendant had made of the horse, and did receive payment accordingly, it is the opinion of the Court that the plaintiffs cannot maintain the action for trover and conversion, notwithstanding the evidence should prove that the defendant caused the death of the horse by immoderate driving, or improper feeding or management, during the journey. The remedy for such injuries, is case for the malfeasance, and not trover for the conversion.[1]
The verdict must be set aside and a new trial granted.

 Seo Brewer v. Sparrow, 7 Barn. & Cressw. 310; M'Neills v. Brooks, 1 Verger, 75; Schenck v. Strong, 1 South. 87; Swift v. Moseley, 10 Vermont R. 208.